IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY E. MARTIN,

                                                             OPINION AND ORDER

                    Petitioner,

                                                                08-cv-518-bbc

     v.

BYRAN BARTOW, Director,
Wisconsin Resource Center,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Stanley Martin, who is presently confined at the Wisconsin Resource Center in Mauston, Wisconsin, is serving an indefinite term of confinement under Wisconsin's sexually violent person civil commitment provision, Chapter 980. His custody is the result of a final order entered by the Circuit Court for Milwaukee County on December 3, 1996. He alleges that he is in custody in violation of the laws and Constitution of the United States because his continued commitment is based in part on 1) 1976 and 1979 sexual assault charges that were dismissed pursuant to a plea agreement and 2) opinions from

1

medical experts who considered petitioner's alleged conduct that was the subject of the dismissed charges.

Because it appeared that the petition was filed outside the one-year limitation period for habeas actions, this court gave petitioner the opportunity to present any additional facts that might show that the petition is timely. Dkt. #4. On October 7, 2008, petitioner filed an amended petition in which he 1) argued that his petition was timely because it challenges the state court's decision on his continued confinement, which became final on August 18, 2008; and 2) alleged that he did not file his federal habeas petition earlier because he could not challenge his continued (as opposed to initial) confinement until the decision in Revels v. Sanders, 519 F.3d 734, 737-40 (8th Cir. 2008) (finding petition timely because it challenged continued commitment decision and not conviction or initial commitment). Dkt. #5 at 3-4; see also 28 U.S.C. § 2244(d)(1) (alternative start dates for federal habeas limitations period include date Supreme Court first recognized constitutional right and made it retroactively applicable and date factual predicate of claims could have been discovered). In an order entered on December 1, 2008, Magistrate Judge Crocker asked respondent to file a response addressing petitioner's arguments and the timeliness of the petition. Dkt #8.

Now before the court is respondent's motion to dismiss the petition as untimely. Dkt. #15. I find that the petition and amended petition raise challenges only to petitioner's initial and not continuing confinement. Because petitioner's deadline for filing a federal

2

habeas petition with respect to the initial commitment order expired before he filed his petition in the instant case and he has not shown that he can benefit from statutory or equitable tolling, I am dismissing the petition as untimely.

From the petition, state court opinions and documents attached to the parties' submissions, I find the following facts.

FACTS

In 1978, petitioner pleaded guilty to injury by conduct regardless of life; the initial charge was rape and attempted murder. In 1979, petitioner pleaded guilty to endangering safety by conduct regardless of life; the initial charge was second degree sexual assault and threat to injure as a repeater. On November 17, 1988, petitioner was convicted of second degree sexual assault (habitual criminality). On June 11, 1996, before petitioner's mandatory release date, the state of Wisconsin filed a petition under Wis. Stat. § 980.01(7) (1995-96) in the Circuit Court for Milwaukee County, alleging that petitioner was a sexually violent person and should be detained. On November 1, 1996, a jury found petitioner to be a sexually violent person under Wisconsin's sexual predator law, Chapter 980. At trial, the state presented evidence of the alleged sexually violent conduct that led to his 1978, 1979 and 1988 convictions and expert testimony that he suffered from two mental disorders. The experts based their opinions in part on petitioner's history of sexual violence

3

toward women.  On December 3, 1996, the circuit court entered an order for petitioner's civil commitment in a mental health facility.

In October 1997, petitioner appealed his civil commitment, arguing that the expert witnesses applied the wrong legal standard, the trial court erred in limiting his cross examination of an expert witness and Chapter 980 is unconstitutional.  On April 7, 1998, the Wisconsin Court of Appeals affirmed the trial court's order of commitment and denial of post-verdict motions.  The Wisconsin Supreme Court denied petitioner's petition for review on June 12, 1998.

In a letter dated June 30, 1998, petitioner asked the circuit court for immediate release, alleging ineffective assistance of trial counsel and errors in the factual record concerning his alleged sexually violent behavior.  The trial court denied the motion on July 23, 1998, finding that petitioner had waived his arguments by not raising them on appeal or in his post-verdict motions.

On June 24, 1999, petitioner filed a petition for a writ of habeas corpus pursuant to State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), alleging that his appellate counsel was ineffective for failing to challenge 1) the constitutionality of the Chapter 980 standard for commitment and 2) a jury instruction related to that standard.  On June 6, 2000, the court of appeals denied petitioner's first claim on its merits and dismissed his second claim on the ground that he should have brought it in the trial court, citing State ex

rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 679, 556 N.W.2d 136 (Ct. App. 1996) (petition for habeas corpus or § 976.04 motion in trial court is proper vehicle for complaining about what should have occurred before trial court). The Wisconsin Supreme Court denied the petition for review on August 29, 2000.

On September 21, 2000, petitioner filed a petition for a writ of habeas corpus, which the circuit court denied five days later. Petitioner filed his first discharge petition on October 24, 2000, a motion challenging his civil commitment on July 10, 2001, a state habeas petition on December 6, 2001 and a second discharge petition on April 24, 2002. The state circuit court denied all of these challenges in decisions that became final after appeal by the end of 2002.

Petitioner filed several challenges regarding his confinement between 2003 and 2005, including a federal habeas petition in 2004, alleging that the state had not properly justified his continued commitment after changing its diagnoses of mental illness. Martin v. Bartow, Case No. 04-C-1044 (E.D. Wis. Nov. 15, 2004). On July 25, 2005, petitioner filed his fourth petition for discharge, alleging as he does in this petition that the state unconstitutionally introduced unsubstantiated sexual assault charges at his 1996 commitment trial and that every subsequent reevaluation of his condition relied on that inaccurate information. In support, petitioner cited a report in which a psychologist stated that one of her sources of information was a "review of previous chapter 980 evaluations."

5

The circuit court denied the petition and petitioner's subsequent motion for reconsideration. On appeal, the court of appeals addressed petitioner's claim on the merits, noting that "[t]he issue is whether Martin's civil commitment as a sexually violent person was based on charges that had been dismissed, rendering void the basis for commitment." The appellate court found that petitioner's commitment as a sexually violent person was proper. That decision became final on August 19, 2008 when the state supreme court denied the petition for review. Petitioner filed his petition in this court on September 2, 2008. Respondent summarized all of petitioner's filings in dkt. #16, exh. #1.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year limitations period for all habeas proceedings running from certain specified dates. 28 U.S.C. § 2244. The one-year period begins to run from the latest of (A) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any state impediment to filing the petition was removed; (C) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)-(D). Pursuant

6

to 28 U.S.C. § 2244(d)(2), time is tolled during the pendency of any properly filed application to the state for postconviction relief with respect to the pertinent judgment or claim. In addition, the one-year deadline may be tolled if "some impediment of a variety not covered in § 2244(d)(1) prevents the filing of a federal collateral attack." Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000). See also Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling is available under § 2244). Such an impediment must have been an "extraordinary circumstance" that prevented petitioner from filing a timely petition. Lawrence, 549 U.S. at 336.

As respondent notes, applying the federal habeas statute of limitations in cases in which a petitioner's custody arises from civil commitment under Wis. Stat. Ch. 980 is difficult because individuals committed under the statute have a right to challenge not only their initial commitment but their continued commitment. Wis. Stat. § 980.075(2) (committed person may petition court for supervised release or discharge within 30 days of annual reexamination report); § 980.09 (discharge petition may be filed at any time; court must dismiss petition without hearing unless it alleges facts from which court may conclude that committed person's condition has changed so that he no longer meets criteria for commitment). Analogizing the situation in this case to that in successive petition and probation and parole revocation cases, respondent asserts that the federal habeas clock begins running when an initial commitment order becomes final and is tolled only for state

proceedings relating to that initial order. Dkt. #16 at 4-5 (citing <u>Walker v. Roth</u>, 133 F.3d 454, 455 (7th Cir. 1997) (new petition not successive because it challenged resentencing and not conviction); <u>Bachman v. Bagley</u>, 487 F.3d 979, 984 (6th Cir. 2007) (start of limitations period depends on content of claim); <u>Lingofelter v. Plainfield Correctional Facility</u>, 2008 WL 2626788, *1 (N.D. Ind. Jun. 27, 2008) (revocation date starts habeas clock); <u>Levi v. Quarterman</u>, 2007 WL 1266119, *2 (N.D. Tex. Apr. 27, 2007) (petition untimely because it challenged both conviction and revocation)).  According to respondent, when a petitioner challenges his continued commitment by petitioning for discharge under § 980.09, a new and separate habeas clock starts.  I agree with respondent's interpretation.  To decide otherwise would allow petitioner unlimited federal challenges to his initial commitment order.

Although a person committed under § 980.09 may petition the state for release at any time, that statute directs the state court to deny the petition unless it "alleges facts from which the court or jury may conclude the person's condition <u>has</u> <u>changed</u> since the date of his or her initial commitment order so that the person does not meet the criteria for commitment as a sexually violent person." <u>Brown v. Watters</u>, No. 06-C-753, 2007 WL 3026845, *1 (E.D. Wis. Oct. 16, 2007) (citing § 980.09) (emphasis added).  Petitioner cannot raise a constitutional challenge in later petitions for release that could have been raised at time of initial confinement.  <u>Id.</u>  As the district court noted in <u>Brown</u>, the

8

Wisconsin Court of Appeals has interpreted § 980.09 to require "something more than facts, professional knowledge, or research that was considered by an expert testifying in a prior proceeding that determined the person to be sexually violent." In re Commitment of Kruse, 296 Wis. 2d 130, 150, 722 N.W.2d 742, 752 (Ct. App. 2006).

The Court of Appeals for the Eighth Circuit reached a similar conclusion after analyzing Missouri's criteria for civil commitment in Revels v. Sanders, 519 F.3d 734 (8th Cir. 2008). In Revels, the court held that a habeas petition filed in 2005 was timely because it challenged petitioner's continued commitment through his application for unconditional release in 2003 and not his original conviction or initial commitment in 1992. Id. at 737-40. The court noted that the petitioner in that case acknowledged that at the time of the initial commitment order, "he clearly met the criteria for confinement; however, . . . the issue here is continued confinement, which he may challenge under Missouri law, and that he no longer meets the constitutional criteria for commitment." Id. at 740. The court then analyzed petitioner's claim under Foucha v. Louisiana, 504 U.S. 71 (1992), in which the Supreme Court held that due process did not permit the continued confinement of an insanity aquittee with an antisocial personality where the state failed to show that the individual currently suffered from mental illness. Id. at 740-41.

Apparently recognizing that his initial § 2254 petition challenged only the initial commitment order, petitioner attempts to amend it to challenge his continued confinement.

9

Citing <u>Revels</u>, petitioner asserts that he is challenging the denial of his fourth (or 2005) petition for discharge, which became final in 2008. However, petitioner's argument is not persuasive. The allegations in both the initial and amended petitions focus entirely on the initial commitment trial and the effect of petitioner's plea bargain and not whether the state met its burden for petitioner's continued commitment in 2005. For example, petitioner fails to explain how the 1978 and 1979 charges were used in the 2005 discharge proceeding or even what conclusions the state's expert reached during that proceeding. As respondent points out, even in the 2005 petition for discharge, petitioner alleged only that a psychologist who evaluated him in 2004 and 2005 noted that she had "reviewed" his "previous Chapter 980 examinations." Further, on appeal, the state appellate court noted that the only issue was whether the circuit court improperly relied on dismissed sexual assault charges in finding petitioner sexually violent in 1996. (It is unclear why the court decided to consider this claim on the merits given that petitioner could have raised it earlier and apparently did so).

    It is apparent from the petition and other documents submitted by the parties that petitioner is complaining about his initial confinement in 1996. The statute of limitations period for challenging the initial commitment order on federal habeas review has long passed. The civil commitment order in petitioner's case became final 90 days after the Wisconsin Supreme Court denied his petition for review on direct appeal from the

conviction, or September 10, 1998, giving him until September 10, 1999 in which to file a petition for a writ of habeas corpus. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (time for seeking direct review under § 2244(d)(1)(A) includes 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). After September 10, 1998, 287 days passed before petitioner filed for postconviction relief on June 24, 1999. His limitations period was tolled until the state supreme court denied his petition for review on August 29, 2000. Another 23 days ran on his habeas clock until he filed a second habeas petition in state court on September 21, 2000. The circuit court denied the petition five days later, on September 26, 2000. At this point, 55 days remained on petitioner's federal habeas clock. Petitioner filed a petition for discharge 28 days later, on October 24, 2000. However, because he was challenging his continued commitment in that petition and not his initial commitment, his federal habeas clock did not stop and his limitations period expired on November 20, 2000.

In addition, I note that even if all of petitioner's subsequent filings tolled the limitations period, that period expired well before September 2008. As of October 24, 2000, petitioner had 27 days remaining on his clock. The appeals related to his filings in 2000, 2001 and 2002 were all final by the end of 2002. Petitioner did not file another challenge until April 16, 2003, well more than 27 days later. Although petitioner challenged his commitment on numerous occasions between 2003 and 2008, he could not benefit from

11

statutory tolling because his federal limitations period had expired. § 2244(d)(2). The 2008 state court decision to address the merits of petitioner's initial commitment does not make his § 2254 petition timely. Daniels v. Uchtman, 421 F.3d 490 (7th Cir. Aug. 29, 2005) (decision by state court on merits of belated collateral attack does not renew time for federal collateral proceeding); Fernandez v. Sternes, 227 F.3d 977 (7th Cir.2000) (state court's willingness to entertain belated collateral attack on merits does not affect timeliness of federal proceeding).

Petitioner next asserts that the recent decision in Revels, 519 F.3d 734, acted as a trigger for a new one-year limitations period for habeas relief. He alleges that he did not file his federal habeas petition earlier because he did not have a constitutional right to challenge his continued (as opposed to initial) confinement until Revels was decided. Dkt. 5 at 3-4; see also Revels, 519 F.3d at 737-40 (holding that petition timely because it challenged continued commitment decision and not conviction or initial commitment). Petitioner appears to be trying to avail himself of an alternative start date for his federal habeas limitations period under either subsection (C) (newly-recognized constitutional right) or (D) (newly-discovered facts) of § 2244(d)(1).

The statutory exceptions on which petitioner relies are not applicable in this case. Under § 2244(d)(1)(C), the new constitutional right must be recognized by the United States Supreme Court, not any federal court. Lo v. Endicott, 506 F.3d 572, 575-76 (7th

12

Cir. 2007). Revels was decided by the Court of Appeals for the Eighth Circuit. The Supreme Court has recognized a petitioner's right to challenge his continued civil commitment since at least 1992. Foucha, 504 U.S. at 79-81. Similarly, "[t]o suggest . . . that any decision by any court on any issue could constitute a 'factual predicate' [under 2244(d)(1)(D)] would swallow up the specifically delineated limitations in § 2244(d)(1)(C)." Lo, 506 F.3d at 576. A "decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute a factual predicate for that claim." Id. at 575.

Finally, petitioner has shown no reason why his failure to file his federal habeas petition should be excused for equitable reasons. United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." Id; see, e.g., United States ex rel. Ford v. Page, 132 F. Supp. 2d 1112, 1115 (N.D. Ill. 2001) (run-of-the-mill claim of ignorance of law not sufficient to warrant equitable tolling); Posada v. Schomig, 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999) (fact that prison was sometimes on lock-down, preventing access to prison law library, did not establish "extraordinary circumstances" justifying equitable tolling). Petitioner has not alleged an outside impediment or "extraordinary circumstance" that prevented him from filing a timely federal habeas petition. In fact, he raised claims regarding the dismissed sexual assault charges in

13

a 1998 postconviction motion and discharge proceedings. He also had no problem filing a § 2254 petition in 2004, challenging his continued commitment on the ground that the state had not properly justified his continued commitment after changing its diagnoses of his mental illness. <u>Martin v. Bartow</u>, Case No. 04-C-1044 (E.D. Wis. Nov. 15, 2004).

In sum, the petition will be dismissed as an untimely challenge to petitioner's initial commitment. To the extent that petitioner wishes to bring a petition pursuant to § 2254 to challenge the constitutionality of the process used in denying his 2005 petition for discharge or any future petitions for discharge, he may do so after properly presenting his claims to the state courts.

ORDER

IT IS ORDERED that Stanley Martin's petition for a writ of habeas corpus, which has been construed as a challenge to his initial commitment, is DISMISSED WITH PREJUDICE for being filed outside the statute of limitations period.

Entered this 1st day of June, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge