IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY E. MARTIN,

                                                  OPINION AND ORDER

            Petitioner,

                                                    08-cv-518-bbc

   v.

BYRAN BARTOW, Director,
Wisconsin Resource Center,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court is petitioner Stanley Martin's motion to reconsider this court's June 1, 2009 dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. ##20-21. I dismissed the petition with prejudice on the ground that petitioner filed it outside the one-year statute of limitations period for federal habeas actions. Specifically, I found that petitioner challenged only the 1996 order committing him as a sexually violent person under Wis. Stat. Ch. 980 and had not shown that he could benefit from statutory or equitable tolling. Having considered petitioner's motion for reconsideration, I am convinced that it was not error to dismiss his petition.

1

Petitioner renews his argument that he challenged his 2005 discharge proceeding and not his initial commitment order. As additional support, he points to the June 27, 2005 report of the state's expert witness, Dr. Lori Pierquet, who stated that petitioner "has committed violent sexual assaults on adult females." Petitioner argues that because Pierquet used the plural form of the word "females," she relied on all of his prior sexual assault charges, including the two on which he was not convicted. However, as discussed in the dismissal order, petitioner's 2005 discharge petition and his initial and amended habeas petitions focus entirely on the initial commitment trial and the effect of his plea bargain and not whether the state met its burden for petitioner's continued commitment in 2005.

In his motion for reconsideration, petitioner asserts that the state used the dismissed sexual assault charges in the 2005 discharge proceeding. Although I understand petitioner's argument, he does have unlimited opportunities to raise it on federal habeas review just because he asserts it in the context of a new discharge proceeding. As I explained in the dismissal order, although a person committed under § 980.09 may petition the state for release at any time, that statute directs the state court to deny the petition unless it "alleges facts from which the court or jury may conclude the person's condition <u>has changed</u> since the date of his or her initial commitment order so that the person does not meet the criteria for commitment as a sexually violent person." <u>Brown v. Watters</u>, No. 06-C-753, 2007 WL 3026845, *1 (E.D. Wis. Oct. 16, 2007) (citing § 980.09) (emphasis added). Petitioner

2

cannot raise a constitutional challenge in later petitions for release that could have been raised at the time of his initial confinement. Id. The same is true for federal habeas review.

Petitioner alleges that the court overlooked an issue raised in his motion to amend the petition, dkt. #5 at 9-10, namely that he is actually innocent because his diagnosis of "paraphilia, NOS, nonconsent" was created by a state employee and is not a medically recognized disorder. Petitioner relies on Brown v. Watters, No. 06-C-753, 2007 WL 4418193, *4 (E.D. Wis. Dec. 17, 2007), in which the court noted that the DSM-IV-TR does not refer to such a disorder and some experts do not recognize it. Nonetheless, in Brown, the court found that the petitioner's commitment did not violate the due process clause because the diagnosis is consistent with recognized disorders and diagnostic principles and has been upheld as a basis for civil commitment by many states, including Wisconsin. Id. Petitioner argues that because Brown is on appeal, this court should hold his petition in abeyance until the appeal has been decided.

As petitioner recognizes in his motion for reconsideration, although an actual innocence claim may be grounds for overlooking a procedural default, it does not excuse an untimely petition. If the Court of Appeals for the Seventh Circuit reaches a decision in Brown that is favorable to petitioner, he may pursue his argument in later proceedings challenging his continued commitment.

Finally, in a supplement to his motion for reconsideration, dkt. #21, petitioner contends that the court erred in concluding that he did not file an earlier federal habeas petition because he could not challenge his continued (as opposed to initial) confinement until the issuance of the decision in Revel v. Sanders, 519 F.3d 734, 737-40 (8th Cir. 2008). Instead, he asserts that he did not raise the issue in the Wisconsin Court of Appeals for this reason. Even if this is the case, Revels cannot excuse petitioner's late filing.

Petitioner argues that the court's error caused it to conclude that he had not raised the issue at the 2005 discharge hearing. I am not sure that I understand petitioner's argument. In the dismissal order, I found that petitioner alleged in the 2005 discharge petition that the state relied unconstitutionally on unsubstantiated sexual assault charges during every subsequent reevaluation of his condition. However, as explained above, I found that although petitioner stated that he was challenging the 2005 proceedings, his arguments related only to the initial commitment proceedings, which he had had an opportunity to challenge.

4

ORDER

IT IS ORDERED that Stanley Martin's motion for reconsideration, dkt. #20, is DENIED.

Entered this 7th day of July, 2009.

BY THE COURT:

*/s/ Barbara B. Crabb*
_____
BARBARA B. CRABB
District Judge