IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY E. MARTIN,

                                              ORDER

                Petitioner,

                                              08-cv-518-bbc

     v.

BYRAN BARTOW, Director,
Wisconsin Resource Center,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Before the court is petitioner Stanley Martin's second motion to reconsider this court's June 1, 2009 dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and alternative motion for a certificate of appealability.  Dkt. #23.  I dismissed the petition with prejudice on the ground that petitioner filed it outside the one-year statute of limitations period for federal habeas actions.  Specifically, I found that the petition challenged only the 1996 order committing him as a sexually violent person under Wis. Stat. Ch. 980 and that he had not shown that he could benefit from statutory or equitable tolling.  Petitioner fails to raise any new arguments in his second motion for reconsideration.  Therefore, I will deny the motion.  Because petitioner has asked for a

1

certificate of appealability, I will construe his request as including a notice of appeal. Because I find that reasonable jurists could debate whether the petition challenges only petitioner's initial confinement, making the petition untimely, I will grant petitioner's request for a certificate of appealability. Finally, I note that petitioner has not paid the appellate filing fee and had requested leave to proceed in forma pauperis in this case. Therefore, I will construe his filing as also stating a request to proceed in forma pauperis on appeal. That request will be granted on the condition that petitioner prove that he is indigent by filing an affidavit of indigency and six-month trust fund account statement on or before August 17, 2009.

OPINION

A. Motion for Reconsideration

In his second motion for reconsideration, petitioner contends that the court erred in ruling that a claim of actual innocence does not excuse an untimely petition. However, petitioner does nothing more than recite the miscarriage of justice exception to the procedural default rule. As explained in the orders dismissing the petition and denying petitioner's first motion for reconsideration, this exception does not apply in petitioner's case because his problem is an untimely filed petition, not procedural default. Dkt. ##18 and 22.

Petitioner next contends that I improperly stated that he relied on a December 17, 2007 decision in Brown v. Watters, No. 06-C-753, 2007 WL 4418193, *4 (E.D. Wis. Dec. 17, 2007). Petitioner asserts that instead he is relying on a later decision in Brown in which the district court granted petitioner a certificate of appealability. In that decision, the court found that reasonable jurists could find debatable its December 17 decision that although the DSM-IV-TR does not refer to "paraphilia, NOS, nonconsent," petitioner's commitment was not unlawful because the diagnosis is consistent with recognized disorders and diagnostic principles. Regardless which Brown decision petitioner relies on, his argument is nothing more than a reiteration of his miscarriage of justice argument. To the extent that petitioner is raising a separate and independent claim of actual innocence, that claim is untimely as well for the reasons stated in the dismissal order. Dkt. #18.

## B. Certificate of Appealability

Turning to petitioner's request for a certificate of appealability, I note that petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)). When, as in this case, the district court denies a habeas petition on procedural grounds without

3

reaching the prisoner's underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Petitioner alleges that he is in custody in violation of the laws and constitution of the United States because his commitment is based in part on 1) 1976 and 1979 charges that were dismissed pursuant to a plea agreement and 2) opinions from medical experts who considered his alleged conduct that was the subject of the dismissed charges.  He asserts that the constitutional errors made at the time of his initial commitment are still being used against him in his annual reevaluations.  Construing petitioner's claims liberally, reasonable jurists could debate whether he was denied his fundamental right to due process.

I dismissed the petition on procedural grounds because I concluded that petitioner's claims challenged the initial commitment order and not to the most recent adjudication of him as a sexually violent person.  In the dismissal order, I noted that applying the federal habeas statute of limitations in cases in which a petitioner's custody arises from civil commitment under Wis. Stat. Ch. 980 is difficult because individuals committed under the statute have a right to challenge not only their initial commitment but their continued commitment. Wis. Stat. § 980.075(2) (committed person may petition court for supervised release or

4

discharge within 30 days of annual reexamination report); § 980.09 (discharge petition may be filed at any time; court must dismiss petition without hearing unless it alleges facts from which court may conclude that committed person's condition has changed so that he no longer meets criteria for commitment). Given the unique circumstances of petitioner's confinement and the fact that the law in this area is far from clear, I find that reasonable jurists could debate whether petitioner's challenges to his confinement relate only to the initial commitment order or instead raise challenges to his continuing commitment. Therefore, I am granting petitioner's request for a certificate of appealability.

The next question is whether petitioner is entitled to proceed in forma pauperis on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Having found that petitioner met the more stringent requirements for issuance of a certificate of appealability, I find that his appeal is taken in good faith. Petitioner will be granted leave to proceed in forma pauperis on appeal on the condition that he prove he is indigent by filing an affidavit of indigency and a trust fund account statement for the previous six months. (Although petitioner initially requested leave to proceed in forma pauperis in this case, he paid the $5 filing fee in lieu of submitting a six-month trust fund account statement.)

5

ORDER

IT IS ORDERED that:

1. Petitioner Stanley Martin's second motion for reconsideration is DENIED.

2. Pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), petitioner's request for a certificate of appealability is GRANTED and his filing is construed as a notice of appeal.

3. Although I certify that petitioner's appeal is taken in good faith, I cannot make a final determination on petitioner's request to proceed in forma pauperis on appeal until plaintiff submits proof of indigency. Petitioner has until August 17, 2009 in which to file an affidavit of indigency and a six-month trust fund account statement. If petitioner fails to respond by this date, his request to proceed in forma pauperis on appeal will be denied.

Entered this 3rd day of August, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge